UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 08md1988 DMS (LSP)<br>CASE NO. 09cv0289 DMS (LSP) |
| OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, STATE OF FLORIDA,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, et al.<br><br>            Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br><br>**[Docket No. 51]** |

This matter comes before the Court on Plaintiff's motion for remand. Defendant Mozilo has filed an opposition to the motion, and Plaintiff has filed a reply. For the reasons set out below, the Court grants the motion.

**I.**

**BACKGROUND**

This case was originally filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida on June 30, 2008. Plaintiff is the Office of the Attorney General,

Department of Legal Affairs, State of Florida. Defendants are Countrywide Financial Corporation ("CFC"), Countrywide Home Loans, Inc., and Angelo Mozilo. The Complaint alleges one claim for violation of Florida's Deceptive and Unfair Trade Practices Act ("DUTPA"), Chapter 501, Part II, Florida Statutes. Plaintiff seeks damages, civil penalties, attorneys fees, and equitable relief.

On September 23, 2008, Defendants removed the case to the United States District Court for the Southern District of Florida, citing 28 U.S.C. §§ 1331, 1332, 1334, 1367, 1441, 1446, 1452 and 1453 as the bases for removal. Plaintiff dismissed the corporate Defendants from this case on November 12, 2008.

On February 11, 2009, the case was transferred to this Court pursuant to an order from the Judicial Panel for Multidistrict Litigation. On February 26, 2009, Plaintiff filed the present motion to remand.

## II.

## DISCUSSION

Although the corporate Defendants cited several bases for removal jurisdiction, Defendant Mozilo is content to rely on 28 U.S.C. § 1331, the federal question statute. He asserts the Complaint rests entirely on an question of federal law, and alternatively, the Complaint raises a substantial federal question.

**A.      28 U.S.C. § 1331**

Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although the Complaint does not include a claim for violation of any specific federal law, Defendant Mozilo asserts that his liability under state law depends on "whether [his] alleged conduct constitutes a violation of the Sarbanes-Oxley's certification requirements of the Exchange Act and federal criminal law." (Mem. in Opp'n to Mot. to Remand at 6.) Defendant Mozilo argues that federal courts have exclusive jurisdiction to decide these questions, *see* 15 U.S.C. § 78aa, therefore this Court should exercise jurisdiction over this case.

Plaintiff does not dispute that its Complaint "alleges unfair or deceptive acts or practices by public misrepresentations in Forms 10-K that Countrywide exercised due diligence in underwriting

and closing Subprime mortgage loans." (Reply at 5.) However, it does dispute that federal courts have exclusive jurisdiction over these questions, citing 15 U.S.C. § 78r(a).

Section 78r(a) provides for personal liability for misleading statements in documents filed pursuant to the Securities Exchange Act of 1934 ("the Act" or "the Exchange Act"). 15 U.S.C. § 78r(a). It also states: "A person seeking to enforce such liability may sue at law or in equity in any court of competent jurisdiction." 15 U.S.C. § 78r(a). Plaintiff relies on this portion of the statute to support its argument that federal courts do not have exclusive jurisdiction over these kinds of allegations. However, Plaintiff misreads the statute. The statute does not provide for jurisdiction in "any court." Rather, it provides that parties seeking to enforce the rules and regulations of the Act may bring suit in "any court of competent jurisdiction." 15 U.S.C. § 78r(a). Section 78aa defines those courts to include only "[t]he district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States[.]" 15 U.S.C. § 78aa. Thus, contrary to Plaintiff's argument, and consistent with Defendant's position, federal courts do have exclusive jurisdiction over whether Defendant Mozilo committed a violation of the Exchange Act. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998).

Nevertheless, Plaintiff argues that it is not seeking to enforce the rules or regulations of the Exchange Act through this case. "Rather, the Office of the Attorney General of the State of Florida seeks to hold Defendant Angelo R. Mozilo liable for the misleading and deceptive practices associated with [the] sale and marketing of mortgages and mortgage backed securities." (Mot. at 10.) Plaintiff states its claim is similar to the claim in *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033 (9th Cir. 2003). In that case, the plaintiff brought a claim under California's Unfair Competition Law "to challenge the marketing by national brokerage firms ('Defendants') of an instrument known as a 'callable certificate of deposit' or 'callable CD.'" *Id.* at 1036. The plaintiff filed his complaint in state court, and the defendants removed the case to federal court on the ground that the federal court "had original jurisdiction under 28 U.S.C. § 1331 and exclusive jurisdiction under § 27 of the 1934

/ / /

/ / /

- 3 -

1  Securities Exchange Act." *Id.*[1]  The district court denied the plaintiff's motion to remand, and the
2  Ninth Circuit reversed.  First, the court considered under the "well-pleaded complaint" rule "whether
3  the face of Lippitt's complaint contains any allegations that would render his cause of action one that
4  'arises' under federal law." *Id.* at 1040.  Based on the face of the complaint and plaintiff's explanation
5  of his claim, the court concluded that his claim did not arise under federal law.  *Id.*  Next, the court
6  applied the artful pleading doctrine, which provides that although the plaintiff is master of his own
7  pleadings, he "'may not defeat removal by omitting to plead necessary factual questions in a
8  complaint.'"  *Id.* at 1041 (quoting *Franchise Tax Board of Cal. v. Construction Laborers Vacation
9  Trust*, 463 U.S. 1, 22 (1983)).  The court considered whether the case fell within the two types of cases
10 in which the artful pleading doctrine has been applied, complete preemption cases and substantial
11 federal question cases, and concluded it did not.

12      In this case, as in *Lippitt*, the parties offer different interpretations of the Complaint.
13 Defendant asserts "[t]he gravamen of the Attorney General's complaint is that the defendants made
14 false representations about Countrywide's lending practices in federally filed 10-Ks, which misled
15 borrowers and investors as to the quality of the underwriting of Countrywide's loans[.]" (Mem. in
16 Opp'n to Mot. to Remand at 3.)  However, Plaintiff states it "does not seek to enforce the 1934
17 Securities and Exchange Act.  Rather, the Office of the Attorney General of the State of Florida seeks
18 to hold Defendant Angelo R. Mozilo liable for the misleading and deceptive practices associated with
19 [the] sale and marketing of mortgages and mortgage backed securities." (Mot. at 10.)

20      Despite these conflicting interpretations of the Complaint, the parties do not dispute that the
21 Complaint makes reference to Defendants' "representations about its lending practices in its Form 10-
22 K filings for the years 2002 - 2007[.]" (Compl. at 5.)  Yet as the court stated in *Lippitt*, "It is a 'long-
23 settled understanding that the mere presence of a federal issue in a state cause of action does not
24 automatically confer federal-question jurisdiction[.]'"  340 F.3d at 1040 (quoting *Merrell Dow
25 Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  Thus, although the Complaint
26 includes allegations about Defendant's Form 10-K filings, those allegations do not convert Plaintiff's
27 state law claim into a claim arising under federal law.

28

---

[1] Section 27 of the Exchange Act is now codified at 15 U.S.C. § 78aa.

1  Defendant argues against this conclusion, asserting that this case is more akin to *Sparta* than *Lippitt*. In *Sparta*, the plaintiff corporation filed suit in state court against the National Association of Securities Dealers alleging claims for breach of contract, bad faith, negligence, misrepresentation and interference with economic relations. 159 F.3d at 1211. The basis for these claims was the defendant's decision to de-list the plaintiff's stock from the Nasdaq Stock Market in the midst of a public offering and its suspension of trading on the offering without explanation. *Id.* Although the plaintiff alleged only state law claims, the court concluded the claims "are founded on the defendants' conduct in suspending trading and de-listing the offering, the propriety of which must be exclusively determined by federal law." *Id.* at 1212.

In this case, however, Plaintiff's claims are not founded on statements in Defendants' Form 10-K filings. Rather, Plaintiff's claims are founded on a state statute. Unlike the situation in *Sparta*, "a state court need not inquire into NYSE regulations, or even refer to federal law, in this case before us." *Lippitt*, 340 F.3d at 1045. To prevail on its claim, Plaintiff need only show that Defendants engaged in "[u]nfair methods of competition, unconscionable acts or practices," or "unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" F.S.A. § 501.204(1).

Other factors also distinguish this case from *Sparta*. First, the defendants in *Sparta* were "the primary regulatory body for the broker-dealer industry" and the corporation "which processes quotations for most over-the-counter equity trading." 159 F.3d at 121-11. Defendants in this case are a thrift holding company, its subsidiary and one of its individual owners. Second, the plaintiff in *Sparta* was a corporation, while Plaintiff here is the Attorney General of the State of Florida. These factors render this case more like *Lippitt* than *Sparta*, and lead this Court to the conclusion reached in *Lippitt*, namely that federal jurisdiction does not exist over Plaintiff's claim.

**B.    Substantial Federal Question**

Nevertheless, Defendant Mozilo argues this case should remain in federal court because Plaintiff's claim "depends on the resolution of substantial, disputed federal questions." (Mem. in Opp'n to Mot. to Remand at 8.) In support of this argument, Defendants relies on *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308 (2005).

/ / /

In *Grable*, the Internal Revenue Service ("IRS") seized real property belonging to the plaintiff to satisfy a tax delinquency, and then sold that property to the defendant. *Id.* at 310. The plaintiff thereafter brought a quiet title action against the defendant in state court asserting that, although it had received actual notice of the IRS seizure, the IRS did not comply with the strict requirements of the notice statute. *Id.* at 311. The defendant removed the case to federal court, and the district court declined to remand the case because it found the plaintiff's claim "depended on the interpretation of the notice statute in the federal tax law." *Id.* The Court of Appeal affirmed that decision, as did the Supreme Court.

In doing so, the Court explained the rationale behind the "substantial" or "significant" federal question jurisdiction doctrine:

> The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]

*Id.* at 312. However, the Court also stated these interests were "subject to a possible veto[,]" namely, an analysis of whether the exercise of jurisdiction "is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." *Id.* at 313-14. In other words, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

As the party invoking this Court's subject matter jurisdiction, Defendant bears the burden of showing that Plaintiff's claim necessarily raises a disputed and substantial federal issue. Defendant argues that burden is met here because the only allegations of his direct involvement in the violation of the DUTPA involve his certification of the 10-K filings. (Mem. in Opp'n to Mot. to Remand at 9-10.) However, the Court disagrees. The Complaint alleges generally that "Defendant MOZILO at all times material hereto, has managed, controlled, participated and has knowledge of the day-to-day activities of Defendant COUNTRYWIDE FINANCIAL CORPORATION[.]" (Compl. at ¶ 10.) Contrary to Defendant's suggestion, this is more than a simple allegation of knowledge: Plaintiff also

- 6 -

alleges Defendant Mozilo "managed, controlled" and "participated" in the "day-to-day activities" of CFC. Although these allegations are conclusory, they are sufficient to allow Plaintiff to proceed with its claim against Defendant Mozilo. *See KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (2008) (stating "it has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings.") Accordingly, the Court rejects Defendant's argument that Plaintiff's claim necessarily raises a disputed and substantial federal issue. In the absence thereof, there is no reason to "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" *Grable*, 545 U.S. at 312.[2]

### III.
### CONCLUSION

In light of the above, the Court finds that neither 28 U.S.C. § 1331 nor 15 U.S.C. § 78aa provides a basis for this Court to exercise subject matter jurisdiction in this case. Accordingly, the Court grants Plaintiff's motion for remand. Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied. Pursuant to 28 U.S.C. § 1446(c), the Clerk of Court shall provide a certified copy of this order to the clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, and thereafter close this case.

DATED: April 28, 2009

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] There is also no reason to address whether the federal court's exercise of jurisdiction over this case would disturb any congressionally approved balance of federal and state judicial responsibilities. Accordingly, the Court does not address that issue. The Court also declines to address the parties' arguments concerning how the absence of a private right of action under the Sarbanes-Oxley Act effects this Court's exercise of jurisdiction.